FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 24 2021

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**KIRK WAYNE GIBBS, JR.**                )
                                         )
                    **Plaintiff,**       )
                                         )
v.                                       )  NO. 2:21-CV-19-BSM
                                         )
**BALJINDER SINGH and**                  )
**SKY CARGO, INC.**                      )
                                         )
                    **Defendants**       )

This case assigned to District Judge __Miller__
and to Magistrate Judge __Volpe__

## COMPLAINT

COMES NOW the Plaintiff, Kirk W. Gibbs, Jr., by and through his attorneys, RAINWATER, HOLT & SEXTON, P.A., and for his Complaint against the Defendants, states and alleges the following:

### I. RESIDENCY & PARTIES

1.   Plaintiff Kirk W. Gibbs, Jr ("hereinafter Gibbs"). was at all times relevant a citizen and resident of Union City, Fulton County, Georgia.

2.   Upon information and belief, Separate Defendant Baljinder Singh ("hereinafter Singh") was at all times relevant a resident of South Ozone Park, Queens County, New York.

3.   Separate Defendant Sky Cargo Inc. ("hereinafter Sky Cargo") is a corporation formed under the laws of Indiana as a for-profit coprporation. Separate Defendant Sky Cargo has listed Loverpreet Kaur Thind, 6877 Woodland Heights Drive, Avaon, IN 46123, as its registered agent in Indiana.

4.   Separate Defendant Sky Cargo is not registered with the Arkansas Secretary of State.

5.   Separate Defendant Sky Cargo is registered with the Federal Motor Carrier Safety

Administration and has been issued DOT # 325461 and MC #1024951.

6. Pursuant to 49 CFR 366, Separate Defendant Sky Cargo has caused a form BOC-3 form to be filed on its behalf with the Federal Motor Carrier Safety Administration. Separate Defendant Sky Cargo designated American Moving and Storage Association as its process agent in the BOC-3 form. Don A. Smith of Smith, Maurras, Cohen, Redd & Horan, 1206 Garrison Avenue, Fort Smith, AR 72901 is the representative designated by American Moving and Storage Association to be served in Arkansas.

7. The incident giving rise to this cause of action is a motor vehicle collision that occurred on Interstate 40 in rurual Crittenden County, Arkansas.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S. Code § 1332, which provides that the district courts shall have jurisdition of all civil actions where the amount in controversy exceeds the sum of $75,0000 and is between citizens of different states.

9. Venue is proper pursuant to 28 U.S. Code §1391, which provides that a civil action may be brought in a judicial district in which a substantial part of the events giving rise to the claim occurred.

## III. BASIC PREMISE

10. This is a negligence case which arises from a motor vehicle collision that occurred on September 18, 2019, on I-40 E in rural Crittenden County, Arkansas.

## IV. FACTS

11. On or about September 18, 2019, at approximately 3:45 PM, Mr. Gibbs was attentively driving east on Interstate 40, in a 2016 Freightliner tractor and trailer.

12. At the same time, Defendant Singh was traveling eastbound on Interstate 40, in a 2013 Kenworth T660 and trailer.

13. Defendant Singh was traveling behind Mr. Gibbs on Interstate 40.

14. Mr. Gibbs slowed his tractor and trailer as he noticed traffic slowing in front of him.

15. Due to the Separate Defendant Singh's inattetion and failure to safely operate his tractor and trailer, Separate Defendant Sing's tractor and trailer struck the rear of Mr. Gibbs' vehicle.

16. Separate Defendant Singh's tractor and trailer struck Mr. Gibbs' vehicle with such force that Mr. Gibbs had to be transported from the scene of the collision to the hospital.

17. Mr. Gibbs has sustained severe and substantial injuries as a result of Separate Defendant Singh's negligence and his damages exceed that required for federal diversity jurisdiction.

18. Separate Defendant Singh was driving the tractor and trailer for Separate Defendant Sky Cargo pursuant to their authority as a motor carrier as designated by the Federal Motor Carrier Safety Administration.

19. Pursuant to FMCSA §390.5, Separate Defendant Singh was an employee of Separate Defendant Sky Cargo.

20. As a result of the collision, Mr. Gibbs sustained personal injuries and damages.

## V. CAUSE OF ACTION NO. ONE - NEGLIGENCE OF DEFENDANT SINGH

21. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

22. Defendant was negligent in the following particulars:

(a) Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

(b) Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6) & (b)(8);

(c) Driving at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, in violation of Ark. Code Ann. § 27-51-201(a)(1);

(d) Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

(e) Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

(f) Following too closely to Plaintiff's vehicle, more closely than is reasonable and prudent, failing to have due regard for the speed of vehicles and the traffic upon the highway, in violation of Ark. Code Ann. § 27-51-305(a);

(g) Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

(h) Failing to keep his vehicle under control, in violation of the common law of Arkansas;

(i) Failing to drive at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

(j) Failing to maintain appropriate stopping space in front of his vehicle;

(k) Failing utilize the skills of that required by a professional driver;

(j) Driving too close to another vehicle, in violation of the common law of Arkansas; and,

(k) Otherwise failing to exercise ordinary care under the circumstances.

## VI. CAUSE OF ACTION NO. TWO - RESPONDEAT SUPERIOR LIABILITY

23. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

24. Separate Defendant Sky Cargo is responsible and vicariously liable for the negligence of their employee/agent (Defendant Singh) under the legal doctrines of joint enterprise, *respondeat superior liability*, and/or the principles of agency as adopted in the State of Arkansas.

25. The negligence of Defendant Singh is imputed to Separate Defendant Sky Cargo as a matter of law.

## VII. CAUSE OF ACTION NO. THREE - NEGLIGENT HIRING, TRAINING, AND SUPERVISION

26. Separate Defendant Sky Cargo negligently falied to enact sufficient policies, practices, and procedures in the hiring, supervision and training of Separate Defendant Singh.

27. Separate Defendant Sky Cargo knew or in the exercise of reasonable care should have known that its policies, practices and procedures for hiring, supervising, and training were insufficient to prevent the inattentive and careless driving of Separate Defendant Singh.

28. Separate Defendant Sky Cargo's negligent implementation and negligent development of sufficient policies, procedures and practices to prevent the hiring of unsafe drivers

placed Mr. Gibbs and the public at risk for serious injuries.

29. Separate Defendant Sky Cargo's negligent implementation and negligent development of sufficient policies, procedures and practices to ensure adequate training and supervision of its drivers to prevent the types of unsafe drving practices placed Mr. Gibbs and the public at risk for serious injuries.

## VIII. PROXIMATE CAUSATION

30. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

31. Defendants' negligence proximately caused the collision described herein and the injuries and damages sustained by Plaintiff.

## IX. INJURIES AND COMPENSATORY DAMAGES

32. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

33. Mr. Gibbs sustained personal injuries and damages as a result of the collision.

34. Mr. Gibbs is entitled to the following damages:

(a) the nature, extent, duration, and permanency of his injuries;

(b) the full extent of the injuries he sustained;

(c) the expense of his medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

(d) any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

(e) the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future;

(f) the visible results of his injuries; and,

(g) any property damages he sustained.

35. The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## XI. DEMAND FOR JURY TRIAL

36. Mr. Gibbs hereby demands a trial by jury.

## XII. DEMAND & PRAYER

37. The Plaintiff demands judgment against Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate him for his damages.

38. Plaintiff demands judgment against Defendants for pre-judgment interest and post-judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for all other proper relief to which he may be entitled.

Respectfully Submitted,

Attorneys for Plaintiff

By: _____
Robert L. Beard (Ark. Bar No. 2002109)
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR  72222
Telephone:   (501) 868-2500
Telefax:        (501) 868-2505